IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY A. FUSCO, Executrix of the Estate of RICHARD J. LIVOLSI, JR., Deceased, </br></br>　　　　　　Plaintiff, </br></br>v. </br></br>UNITED STATES OF AMERICA, </br></br>　　　　　　Defendant. | CASE NO.: </br></br>JUDGE: </br></br></br>**COMPLAINT** |

Now comes Plaintiff, by and through her attorney, and for her Complaint states as follows:

## INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for medical negligence and wrongful death in connection with medical care provided to Richard J. Livolsi, Jr. ("Decedent") by the Department of Veterans Affairs at the Louis Stokes Cleveland Veterans Affairs Medical Center and other VA satellite offices.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries and wrongful death caused by the Defendant's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. See *Standard Form 95,* attached hereto and incorporated herein as *"Exhibit A"*.

4. This suit has been timely filed, in that Plaintiff served notice of her claim on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Veterans Affairs' August 29, 2024 notice of final denial of administrative claim, permitting Plaintiff to seek judicial relief in Federal district court within six (6) months of the mailing of the notice. See *Administrative Tort Claim Denial Letter,* attached hereto and incorporated herein as *"Exhibit B."*

6. In accordance with the Sixth Circuit's decision in *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019), Ohio Rule of Civil Procedure 10(D)(2) does not apply to this matter, and therefore, Plaintiff is not required to attach an affidavit of merit to this Complaint.

PARTIES

7. Plaintiff, Kimberly Fusco, is the Executrix of the Estate of Richard J. Livolsi, Jr. and is duly authorized to bring this action on behalf of Decedent's estate. See *Letter of Authority*, attached hereto and incorporated herein as *"Exhibit C,"* and *VA Form 21-22*, attached hereto and incorporated herein as *"Exhibit D."* Plaintiff is and was, at all times relevant hereto, a resident of the State of Ohio, residing at 220 Iowa Street, Wellsville, Ohio 43968.

8. Defendant United States of America, through its agency the Department of Veterans Affairs, operates the Veterans Affairs Medical Center Located at 10701 East Boulevard, Cleveland, Ohio, otherwise known as the Louis Stokes Cleveland VA Medical Center, and other satellite offices within the jurisdiction of this Court.

9. Defendant United States of America, including the directors, officers, operators, administrators, employees, agents, and staff at the Louis Stokes Cleveland VA Medical Center and the satellite offices referred to above are hereinafter collectively referred to as the "VA."

10. At all times relevant to this Complaint, the VA held itself out to the Decedent and eligible beneficiaries as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Decedent.

11. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the VA. Furthermore, the VA is responsible for the negligent acts of their employees and agents under the doctrine of *respondeat superior*.

## JURISDICTION AND VENUE

12. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

13. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of, the acts and omissions forming the basis of these claims occurred in the Northern District of Ohio.

## FACTUAL ALLEGATIONS

14. At all times material herein, the Decedent had an extensive history of cardiac problems that were well known to the VA.

15. On or about October 27, 2021, the Decedent had a telephone appointment with internal medicine at the VA.

16. VA records for the October 27th call indicate, in part, that the Decedent continued to have daily shortness of breath, activity intolerance due to the shortness of breath, and he reported feeling tired all the time.

3

17. In the Assessment/Plan of the October 27th records, the VA provider wrote, in part, that since the Decedent continued to have exertional shortness of breath, an echocardiogram and stress testing would be ordered.

18. Despite the seriousness of the Decedent's complaints and his prior cardiac history, the echocardiogram and stress test were not ordered "stat" but instead scheduled for November 29, 2021.

19. On or about November 29, 2021, over a month after the aforementioned telephone call, the Decedent underwent an echocardiogram and stress test at the Louis Stokes VA Medical Center.

20. Despite the fact that the results of said tests were extremely significant, alarming, and should have warranted immediate admission into the hospital, the Decedent was told to follow up with internal medicine to learn the results of his tests.

21. The results of the echocardiogram indicated, in part, that the Decedent's left ventricular systolic function was moderately to severely reduced and his ejection fraction was calculated at only 22%. In a 2016 study, his ejection fraction had been measured at 55%.

22. On or about November 30, 2021, the Decedent called the VA requesting an immediate appointment. He also told the VA, in part, that he felt like he was dying. He was told that an appointment could not be scheduled until internal medicine at the VA received his test results.

23. During the call on November 30th, the Decedent was also told that a cardiology appointment for him was scheduled for January 13, 2022.

24. The Decedent, on or about December 1, 2021, called the VA again requesting an appointment to discuss his test results.

25. On December 2, 2021, the Decedent had a telephone call with his medical provider at the VA. During this call the Decedent indicated that his shortness of breath was worse, that he was having chest pain, and he had pain under both arms.

26. During said call, the VA medical provider advised the Decedent to go to an emergency department. The Decedent called 9-1-1 but died before reaching the hospital.

27. The Decedent's death certificate indicates that his immediate cause of death was a myocardial infarction.

28. As a direct and proximate result of the Defendant's negligent acts and/or omissions, the Decedent sustained severe injuries that ultimately caused his death on December 2, 2021.

29. As a direct and proximate result of the Defendant's negligent acts and/or omissions, the Decedent suffered severe physical pain and suffering and mental anguish prior to his death.

CAUSE OF ACTION – COUNT I – MEDICAL NEGLIGENCE

30. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

31. Plaintiff states that the medical care and treatment rendered to the Decedent by the directors, officers, operators, administrators, employees, agents, and staff of the VA was negligent and below the accepted standards of medical care.

32. The directors, officers, operators, administrators, employees, agents, and staff of the VA, by their by the joint, combined, and concurrent acts and/or omissions, negligently failed to provide the Decedent with competent, safe, and acceptable medical care and treatment. The Defendant's negligence included, but was not limited, the failure to diagnose and treat the Decedent's heart condition; failure to diagnose, assess, and treat him on October 27, 2021; failure to order and perform immediate cardiac testing for the Decedent; delay in scheduling his echocardiogram and stress test for about a month; failure to take immediate action after learning the results of said tests; failure to timely communicate the results of said tests to the Decedent; and failure to immediately hospitalize the Decedent after completion of said tests.

33. As a direct and proximate result of the Defendant's negligent acts and/or omissions, the Decedent suffered severe injuries, was denied effective medical, nursing, and related health care services, and experienced pain, suffering, and mental anguish and emotional distress before his death.

34. As a direct and proximate result of the Defendant's negligent acts and/or omissions, the Decedent was unable to perform the usual functions that gave him pleasure until the time of his death.

35. As a direct and proximate result of the Defendant's negligent acts and/or omissions, the Decedent incurred medical expenses he would not otherwise have incurred during the last days of his life.

CAUSE OF ACTION – COUNT II – WRONGFUL DEATH

36. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

37. At all times material herein, the Decedent was a patient and under the care of the VA.

38. Defendant owed a duty of care to the Decedent to use reasonable skill, care, and diligence to care for him as a patient.

39. Defendant was negligent and breached the standard of care owed to the Decedent as more fully set forth above.

40. As a direct and proximate result of Defendant's negligent acts and/or omissions, the Decedent was wrongfully caused to die, resulting in injury and damage to his next of kin.

41. As a direct and proximate result of Defendant's negligent acts and/or omissions, the Decedent's next of kin suffered severe mental anguish from the Decedent's death.

42. As a direct and proximate result of Defendant's conduct, the Decedent's next of kin have suffered damages including, but not limited to, the loss of services, support, society, companionship, care, assistance, attention, protection, advice, counseling, instruction, training, and education.

43. As a direct and proximate result of Defendant's conduct, the Decedent's Estate incurred funeral and burial expenses to the damage of the Estate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000) for the damages as fully set forth herein, plus interest and costs of this action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully submitted,

*/s/ Andrew J. Thompson*
Andrew J. Thompson, Esq. (0071530)
Neal E. Shapero, Esq. (0009426)
SHAPERO | ROLOFF CO., L.P.A.
1111 Superior Avenue East, Suite 1310
Cleveland, Ohio 44114
T: (216) 781-1700
F: (216) 781-1972
athompson@shaperoroloff.com
nshapero@shaperoroloff.com